Mayer v. Mayer.

Argued upon final hearing, on bill, answer, and proofs.

*Mr. J. Evans*, for complainant.

*Mr. T. D. Hoxsey*, for defendant.

---

## MAYER vs. MAYER.

1. It is not sufficient to entitle a party to a divorce on the ground of adultery, to prove that the defendant who might be supposed willing to commit the adultery, was in a position in which it was possible to commit it. It must be shown that the defendant and the party with whom the crime is charged to have been committed, were together under suspicious circumstances, which cannot be easily accounted for, unless they had that design, or which could not well be explained without it.

2. The testimony of a defendant charged with adultery, and of the supposed adulterer, is competent, and in a doubtful case, must control the question.

On bill for divorce. Argued upon the pleadings and proofs, on final hearing.

*Mr. J. B. Vredenburgh,* for complainant.

*Mr. Dixon,* for defendant.

THE CHANCELLOR.

There is no evidence in this case sufficient to establish the adultery charged. There is proof that the affections of the defendant were estranged from her husband during the last two weeks that they lived together, if indeed she ever had any for him; and that at the time she was on good terms and intimate with Bachmann, the alleged adulterer, who was a workman in her husband's barber shop. His parents and sister, with whom he lived, had rooms in the same house. But the only proof is that they were intimate in a way in which they might be so in their relative situation without criminality. Nothing wanton or lascivious, or approaching to it, is shown either in act or conversation between them. I lay out of question the German toast, because it is denied by Bachmann that she ever gave it, and is not recollected by her, and the change of a single word puts it in the language in which she swears she gave it, if she gave it at all, and makes it harmless. And even giving to the toast its worst meaning, that so intelligently explained by the witness, Guttinger, I can conceive that she used it without comprehending the distinction between it and the harmless one which she had learned from the complainant, especially as a number of German witnesses examined before Guttinger, were all much mystified as to its meaning or its application.

There were no doubt occasions when these parties could have committed adultery; occasions which they would more probably have embraced, than the nights in which she with her two children slept on the floor in the room in which his mother and sister occupied one bed, and he and his brother another. Yet even then it was possible. But I see no

reason to infer it under the circumstances attending that affair.

It is not sufficient to convict parties who may be supposed willing to commit adultery, to prove that they were in a position that it was possible to commit it. It must be shown that they were together under suspicious circumstances which cannot be easily accounted for unless they had that design, or which could not well be explained without it.

But beside the want of circumstantial testimony sufficient to prove, or even raise a strong presumption of guilt, the positive oath of the defendant and the supposed adulterer, clearly deny the charge. This testimony is competent, and although not of the most reliable kind, and of little weight against clear proof, is sufficient in this case to settle the question.

I am not convinced by the proof, and I do not believe that the defendant was guilty of the adultery charged against her.

The bill must be dismissed.